THE STATE OF OHIO, APPELLEE, *v.* CLIFFORD ET AL., APPELLANTS.

(No. 22996—Decided April 14, 1954.)

*Mr. Frank T. Cullitan,* prosecuting attorney, *Mr. John J. Mahon* and *Miss Gertrude M. Bauer,* for appellee.

*Messrs. Baker, Hostetler & Patterson, Mr. Thomas J. Edwards* and *Mr. Charles D. Johnson,* for appellants.

SKEEL, J. This appeal comes to this court on questions of law from a judgment of guilty of contempt of court entered upon trial in the Common Pleas Court. The facts are not in dispute.

On August 19, 1953, the defendant, Sam Giaimo, a reporter for the Cleveland Press was in the chambers of Common Pleas Court Judge Joseph H. Silbert, awaiting the return of an indictment against Nelson J. Brewer for embezzlement. Brewer had some time prior to that date resigned as Judge of the Probate Court of Cuyahoga County. Judge Silbert told Giaimo that an indictment had been returned and that Judge Brewer would be arraigned at 10 a. m. on August 20, 1953, and directly told Mr. Giaimo in the presence of another reporter that he would not permit the taking of photographs in the courtroom or chambers of the court at the time of the arraignment. That order was in conformity with Canon No. 35 of the Canons of Judicial Ethics of the American Bar Association. In direct defiance of the court's order against picture taking, while the court was in session, upon the arraignment of Judge Brewer on August 20, 1953, at 10 a. m., the defendants, in carrying out their respective parts in the acts of contempt of court, charged against them (the defendant Clifford directing that the picture should be taken after knowledge of the court's order; the defendant Giaimo assisting in the taking of the picture, and the defendant Thomas acting as cameraman), took a picture of the court proceedings at the

arraignment and delivered the plate to the Cleveland Press for publication.

From a judgment of guilty of contempt of court as to each of the defendants, they claim the following errors:

"1. The finding of guilty against defendants-respondents-appellants, and each of them is not sustained by sufficient evidence and is contrary to law.

"2. In finding that defendants-respondents-appellants and each of them, had been guilty of contempt of court.

"3. In finding that defendants-respondents-appellants and each of them, had been guilty of misbehavior in the presence of, or so near the court or judge, as to obstruct the administration of justice.

"4. In finding that the acts of defendants-respondents-appellants and each of them, obstructed the administration of justice in the case of the state of Ohio against Nelson J. Brewer, being case No. 63332 on the docket of said court.

"5. In holding that the publication of the photograph of the arraignment of Nelson J. Brewer in connection with the aforesaid case was a contempt of court.

"6. In finding that the defendants-respondents-appellants and each of them, had been guilty of contempt of court in that they disobeyed an express order of the court.

"7. In taking judicial notice of matters not properly within the knowledge of said court.

"8. In taking judicial notice of and admitting in evidence matters which were not competent, relevant or germaine in connection with the charges preferred against defendants-respondents-appellants and each of them.

"9. In excluding evidence offered by defendants-

respondents-appellants which was competent, relevant or germaine in connection with said charges.

"10. In finding the defendants-respondents-appellants and each of them guilty of contempt of court in violation of the provisions of Section 11, Article I, of the Constitution of the state of Ohio.

"11. In finding the defendants-respondents-appellants and each of them guilty of contempt of court in violation of the provisions of the first, through the fourteenth, amendment of the Constitution of the United States.

"12. In basing the findings and judgment of guilty of contempt of court on a Canon of Judicial Ethics.

"13. In failing to request the assignment of another judge of the Court of Common Pleas of Cuyahoga County to hold the hearing on the written charges filed against the defendants-respondents-appellants.

"14. The findings and judgment of the court are contrary to the law and the evidence.

"15. In committing the several errors of law occurring at the trial to which exceptions were taken by the defendants-respondents-appellants at the time.

"16. Other errors manifest from the face of the record."

It is first claimed by defendants that the order was not properly issued, not having been journalized, the claim being made that a court speaks only through its journal. Such rule has application to the judgments or orders of the court when dealing with the trial of cases instituted and invoking the court's jurisdiction. A judge is at all times during the sessions of the court empowered to maintain decorum and enforce reasonable rules to insure the orderly and judicious disposition of the court's business. An order made directly to one in attendance of a judicial proceeding that certain conduct would not be permitted while the

court was in session need not be journalized to give such order legal effect, particularly with regard to those who are so directed and act with full knowledge in defiance of the order.

The judge in enforcing orders directing proper and necessary decorum in the courtroom, while the court is in session, must see to it that the rules enforced are reasonable and necessary for that purpose. Under the undisputed evidence in this case, the rule against taking photographs in a courtroom while the court is in session has much support. Such a rule is in force in all of the federal courts of the United States, is clearly stated in the Canons of Judicial Ethics of the American Bar Association, and is recognized as necessary courtroom decorum by many state and local bar associations and by a great many individual judges of state courts. It is therefore impossible for this court to hold that the trial court, in promulgating the rule against photographs, which rule has received such wide acceptance in courts of law as being necessary to the impartial administration of justice, abused its discretion.

It is claimed also by defendants that the enforcement of such rule directly contravenes the constitutional right of freedom of the press. In considering this question, other constitutional guaranties, all of equal importance, must be taken into consideration. The Constitution of this state has vested the state's judicial power in the courts and charged the judges of our court system with the obligation of administering justice without fear or favor, without respect to persons, and free from distractions or disturbances that are inimical to judicious conduct, looking only to the best interests of the litigants whose rights are the subject of a proceeding. The rules of courtroom conduct must be such as to remove it from the distractions and dis-

turbances of the market place and to maintain as nearly as possible an atmosphere conducive to profound and undisturbed deliberation. The right to trial in a courtroom conducted and maintained in an atmosphere that bespeaks the profound and dignified responsibilities with which those who are conducting its proceedings—dealing with human rights as they must—are charged, is basic. A court, in enforcing reasonable courtroom decorum, is preserving the constitutional and unalienable right of a litigant to a fair trial, and, in preserving such right, the court does not interfere with the freedom of the press. A fearless and untrammelled judiciary is a necessary bulwark in protecting liberty under law and in preserving the rights of the people. There is no claim in this proceeding that all who wanted to attend this session of the court were not permitted to do so, or that the opportunity to report the proceeding was not afforded in keeping with courtroom decorum, such right being limited by requiring that the reporter act so that the proceeding of the court should not be disturbed.

In the case of *Bridge* v. *California,* 314 U. S., 252, 86 L. Ed., 192, 62 S. Ct., 190, 159 A. L. R., 1346, the Supreme Court of the United States held that both state and federal courts have the power to protect themselves from disturbances and disorders in the courtroom by the use of proceedings in contempt and that that power cannot be challenged as conflicting with constitutionally secured guaranties of liberty. The constitutional right of freedom of the press was not violated by the order of the court in the proceeding which was the subject of this action and that claim is therefore overruled.

The evidence shows that the acts of defendants caused a disturbance and distracted the court in the proceeding in which the picture was taken. The de-

fendants claim that such disturbance was only for a short time or "momentary" in duration and so constituted no justification for this proceeding. It is enough if defendants' acts in ignoring the court's order not to take pictures caused a distraction or had the potential possibility of doing so. The disturbance and distraction caused by picture taking cannot be repaired after the event. The flashlight inevitably startles those nearby when used without notice. Its use is not conducive to sustained mental effort. If a photographer can take one picture, he can take two, or a dozen. If one photographer can take pictures, others should have equal rights. Nor is there any justifica tion because of the character of the proceeding then in progress. It would constitute utter confusion to attempt a differentiation between the character of the proceedings in progress, and none was contemplated by Judge Silbert's general order against picture taking while the court was in session. In fact this proceeding was specifically designated as included in the prohibition against picture taking during court proceedings under canon No. 35.

The courts belong to the people. The people elect the judicial officers who are charged with the responsibility of presiding over sessions of the court in the administration of justice under the law. When the court is in session, it is under the complete control of the judge whose directions, reasonably necessary to maintain order and prevent unnecessary disturbance and distraction, must be obeyed. Deliberate disobedience of such orders constitutes a contempt of court punishable under the statutes of this state.

We find no reversible error in the proceedings, and the judgment is, therefore, affirmed.

*Judgment affirmed.*

HURD, P. J., and KOVACHY, J., concur.