Per Curiam.

The assignments of error in this court are substantially the same as in the Court of Appeals.
The case has been ably and exhaustively argued by counsel for both sides, both orally and by written briefs, and this court is appreciative of the assistance so rendered. The record has been studied. The conclusion of this court is in entire harmony with that reached by the Court of Appeals.
In the excellent opinion of the Court of Appeals (97 Ohio App., 1) all material questions raised by the *372 'defendants were considered and passed upon. . We can do no better than to approve and adopt that opinion which says in part :
“It is first claimed by the defendants that the order was not properly issued, not having been journalized, the claim being made that a court speaks only through its journal. Such rule has application to the judg-. ments or orders of the court when dealing with the trial of cases instituted and invoking the court’s jurisdiction. A judge is at all times during the sessions of the court, empowered to maintain decorum and enforce reasonable rules to insure the orderly and judicious disposition of the court’s business. An order made directly to one in attendance of a judicial proceeding that certain conduct would not be permitted while the court was in session need not be journalized to give such order legal effect, particularly with regard to those who are so directed and act with full knowledge and in defiance of the order.
“The judge in enforcing orders directing proper and necessary decorum in the courtroom, while the court is in session, must see to it that the rules enforced are reasonable and necessary for that purpose. Under the undisputed evidence in this case, the rule against taking photographs in a courtroom while the court is in session has much support. Such a rule is in force in all of the federal courts of the United States, is clearly stated in the Canons of Judicial Ethics of the American Bar Association, and is recognized as necessary courtroom decorum by many state and local bar associations and by a great many individual judges of state courts. It is therefore impossible for this court to hold that the trial court, in promulgating the rule against photographs, which rule has received such wide acceptance in courts of law as being necessary to the impartial administration of justice, abused its discretion.
*373 “It is claimed also by defendants that the enforcement of such rule directly contravenes the constitutional right of freedom of the press. In considering this question, other constitutional guaranties, all of equal importance, must be taken into consideration. The Constitution of this state has vested its judicial power in the courts and charged the judges of our court system with the obligation of administering justice without fear or favor, without respect to persons, and free from distractions or disturbances that are inimical to judicious conduct, looking only to the best interests of the litigants whose rights are the subject of a proceeding. The rules of courtroom conduct must be such as to remove it from the distractions and disturbances of the market place and to maintain as nearly as possible an atmosphere conducive to profound and undisturbed deliberation. The right to trial in a courtroom conducted and maintained in an atmosphere that bespeaks the profound and dignified responsibilities with which those who are conducting its proceedings—dealing with human rights as they must —are charged, is basic. A court in enforcing reasonable courtroom decorum, is preserving the constitutional and unalienable right of a litigant to a fair trial, and in preserving such right, the court does not interfere with the freedom of the press. A fearless and untrammelled judiciary is a necessary bulwark in protecting liberty under law and in preserving the rights of the people. There is no claim in this proceeding that all who wanted to attend this session of the court were not permitted to do so, or that the opportunity to report the proceeding was not afforded in keeping with courtroom decorum, such right being limited by requiring that the reporter act, so that the proceeding of the court should not be disturbed.
“In the case of Bridge v. California, 314 U. S., 252, 86 L. Ed., 192, 62 S. Ct., 190, 159 A. L. R., 1346, the *374 Supreme Court of the United States held that both state and federal courts have the power to protect themselves from disturbances and disorders in the courtroom by the use of proceedings in contempt and that power cannot be challenged as conflicting with constitutionally secured guaranties of liberty. The constitutional right of freedom of the press was not violated by the order of the court in the proceeding which was the subject of this action and that claim is therefore overruled.
“The evidence shows that the acts of defendants caused a disturbance and distracted the court in the proceeding in which the picture was taken. The defendants claim that such disturbance was only for a short time or ‘momentary’ in duration and so constituted no justification for this proceeding. It is enough if defendants’ acts in ignoring the court’s order not to take pictures caused a distraction or had the'potential possibility of doing so. The disturbance and distraction caused by picture taking cannot be repaired after the event. The flashlight inevitably startles those nearby when used without notice. Its use is not conducive to sustained mental effort. If a photographer can take one picture, he can take two, or a dozen. If one photographer can take pictures, others should have equal rights. Nor is there any justification because of the character of the proceeding then in progress. It would constitute utter confusion to attempt a differentiation between the character of the proceedings in progress, and none were contemplated by Judge Silb'ert’s general order against picture taking while the court was in session. In fact this proceeding was specifically designated as included in the prohibition against picture taking during court proceedings under Canon No. 35.
“The courts belong to the people. The people elect the judicial officers who are charged with the respon *375 sibility of presiding over sessions of the court in the administration of justice under the law. When the court is in session, it is under the complete control of the. judge whose directions, reasonably necessary to maintain order and prevent unnecessary disturbance and distraction, must be obeyed. Deliberate disobedience of such orders constitutes a contempt of court punishable under statutes of this state.”
For the reasons so stated, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Taut, Hart, Zimmerman and Stewart, JJ., concur.